IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES "CHUCK" JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-52-JHP |
| | ) | |
| CLYDE E. PATTON, JUDITH | ) | |
| PATTON, AND MDK, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION

Before the Court is Defendants' Motion for Partial Summary Judgment, Plaintiff's Response in opposition, and Defendants' Reply thereto. Defendants seek a judgment by this Court that, as a matter of law, payment of the attorney fees of Defendants Clyde E. Patton and Judith Patton by Defendant MDK, Inc. in connection with the defense of Plaintiff's action is a proper use of corporate funds. For the reasons stated below, Defendants' Motion is DENIED.

## Background

On October 26, 2004, Plaintiff Charles "Chuck" James and Defendant Clyde E. Patton entered a written agreement to purchase the shares of Defendant MDK, Inc., a corporation specializing in the maintenance and repair of mining equipment. Pursuant to the terms of the agreement, Plaintiff owned 49% of the outstanding shares, while Defendant Clyde E. Patton would 51%. However, the profits of the corporation were to be divided equally between Plaintiff and Defendant Clyde E. Patton. Defendant Clyde E. Patton became President of the corporation and Plaintiff became Vice President. Pursuant to the first meeting of the Board of Directors, Defendant Judith Patton, mother of Defendant Clyde E. Patton, became the Secretary

and Treasurer of the corporation.

On January 18, 2005, after allegedly being informed by clients that Plaintiff had falsified time records and stolen equipment, Defendant Clyde E. Patton held a special meeting of directors and removed Plaintiff from his position as an officer and director of the corporation. Subsequent to his ouster, on November 3, 2005, Plaintiff filed suit against Defendants in the United States District Court for the Southern District of Texas. The case was subsequently transferred to this Court on February 2, 2006. In his Complaint, Plaintiff asserts causes of action against Defendants Clyde E. Patton and Judith Patton for misappropriation of corporate funds, breach of fiduciary duties of care and loyalty to Plaintiff as a corporate shareholder, improper removal of Plaintiff as a director and officer of the corporation, and failure to provide an accounting or distribute monies owed to Plaintiff. Plaintiff also asserts a cause of action against Defendant MDK, Inc., for refusal to make payments to Plaintiff that he alleges were agreed to by the parties when the corporation was originally purchased. As damages, Plaintiff requests "an accounting for any and all monies that have come into the corporation, and that have been spent by the corporation . . . or Defendant Clyde E. Patton and Defendant Judith Patton." (Pl.'s Compl. 14.) In addition, Plaintiff seeks "equitable and fair remuneration for his share of the corporation, including his damages for improper removal as a Director/Owner, including, but not limited to his salary, director's fees, dividends, and any and all monies, property that he may be entitled to." (Pl.'s Compl. 15.) Among the misappropriations of corporate funds subsequently cited by Plaintiff was Defendant MDK, Inc.'s payment of Defendant Judith Patton's "lawyer fees," presumably in connection with this trial. (Defs.' Mot. 15.)

In their Motion for Partial Summary Judgment, Defendants request a ruling by this Court that there is no genuine issue of material fact as to Plaintiff's allegations of improper payment of

attorney fees and that, as a matter of law, Defendant MDK, Inc.'s payment of the attorney fees of Defendants Clyde E. Patton and Judith Patton in connection with this case was a proper use of corporate funds. The Court addresses this issue below.

## Discussion

Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id*.

In ruling on a motion for summary judgment, the Court examines the factual record "and draw[s] reasonable inferences therefrom in the light most favorable to the non-moving party." *Simms v. Oklahoma*, 165 F.3d 1321, 1326 (10th Cir. 1999); see *Liberty Lobby*, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."). The Court also interprets the rule in such a way as "to isolate and dispose of factually unsupportable claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986).

Defendants contend that based upon the undisputed material facts, Defendants Clyde E. Patton and Judith Patton are entitled as a matter of law to indemnification by Defendant MDK, Inc., for legal expenses incurred during the pendency of this action. Okla. Stat. tit. 18, § 1031 governs the indemnification of officers, directors, employees and agents of a corporation. Under

this statute, with regard to actions not brought by or in the right of the corporation:

> [a] corporation shall have power to indemnify any person who was or is a party...to any...pending...action...by reason of the fact that the person is or was a director, officer, employee, or agent of the corporation...against expenses, including attorneys' fees...actually and reasonably incurred by the person in connection with the action...*if the person acted in good faith and in a manner the person reasonably believed to be in or not opposed to the best interests of the corporation.*

Okla. Stat. tit. 18, § 1031(A) (emphasis added). Similarly, with regard to actions brought by or in the right of the corporation:

> [a] corporation shall have the power to indemnify any person who was or is a party...to any...pending...suit...by reason of the fact that the person is or was a director, officer, employee, or agent of the corporation...against expenses, including attorneys' fees, actually and reasonably incurred by the person in connection with the defense...of [the] action...*if the person acted in good faith and in a manner the person reasonably believed to be in or not opposed to the best interests of the corporation* and except that no indemnification shall be made in respect of any claim...as to which the person shall have been adjudged to be liable to the corporation unless and only to the extent that the court in which the action or suit was brought shall determine upon application that, despite the adjudication of liability but in view of all the circumstances of the case, the person is fairly and reasonably entitled to indemnity for expenses which the court shall deem proper.

Okla. Stat. tit. 18, § 1031(B) (emphasis added).

The Court notes that, at the present time, it is far from clear that Defendants Clyde E.

Patton and Judith Patton acted in "good faith and in a manner...reasonably believed to be in or not opposed to the best interests of the corporation."[1]  Indeed, the appropriateness of the behavior of Defendants is an issue central to the present action.  Defendants present no evidence in their Motion to support the contention that, as a matter of law, Defendants Clyde E. Patton and Judith Patton have acted in accord with the applicable standard of conduct set forth in Okla. Stat. tit. 18, § 1031(A) or (B).  Thus, the Court cannot conclude as a matter of law that Defendants Clyde E. Patton and Judith Patton will ultimately be entitled to reimbursement for expenses incurred in defending this action under Okla. Stat. tit. 18, § 1031.

In spite of the seemingly clear statutory language, Defendants cite *Dobry v. Dobry*, 324 P.2d 534 (Okla. 1958), for the proposition that a closely held corporation's expenditure of funds to defend its individual officers sued in the same action is a proper expenditure of corporate funds. (Defs.' Mot. at 4.)  *Dobry* involved a shareholder suit to compel an accounting for interest on advancement of corporate funds to directors and for various expenditures.  Among the challenged expenditures was "[a] substantial amount paid as attorney fees...contested on the theory that it was in part at least for the benefit of the individual[] [officers or directors]."  In rejecting the plaintiffs' request for an accounting of such expenditures by individual defendants, the Oklahoma Supreme Court noted that the plaintiffs had brought various actions against the

---

[1] Pursuant to Oklahoma law, any such indemnification, "unless ordered by a court, shall be made by the corporation only as authorized in the specific case upon a determination that the indemnification of the present or former director or officer is proper in the circumstances because the person has met the applicable standard of conduct." Okla. Stat. tit. 18, § 1031(D). With regard to current directors or officers, like Defendants Clyde E. Patton and Judith Patton, such a decision must be made "[b]y a majority vote of directors who are not parties to the action...; [b]y a committee of directors designated by a majority vote of directors...; [i]f there are no such directors...by independent legal counsel in a written opinion; or [b]y the shareholders." Okla. Stat. tit. 18, § 1031(D)(1)-(4). Nothing in Defendants' Motion suggests that these formalities have been followed.

corporation over a period of several years, and "although the individual defendants were also parties to these actions the corporation was a primary defendant." *Dobry*, 324 P.2d at 537. Moreover, the actions previously brought by the plaintiffs against the corporation that had resulted in the expenditure of these funds had all terminated in the corporation's favor. Thus, the Oklahoma Supreme Court concluded that the fees "were legitimate expenses of the corporation." *Id*.

By contrast, in the present case, Defendants Clyde E. Patton and Judith Patton, rather than the corporation, appear to be the primary defendants. Moreover, the attorney fees at issue in this case were not paid in relation to previous claims against Defendants "which terminated in [their] favor."[2] *Id*. Instead, the attorney fees at issue in Defendants' Motion relate to pending claims against Defendants. Thus, the Court cannot, based on the facts as presented in this Motion, conclude as a matter of law that Defendant MDK, Inc.'s decision to indemnify Defendants Clyde E. Patton and Judith Patton for attorney fees incurred as a result of this action "is proper, provided for, and should not be a part of Plaintiff's cause of action at trial." (Defs.' Mot. 4.)

Nevertheless, even absent a determination as to their ultimate entitlement to indemnification, Oklahoma law provides that a director or officer's "[e]xpenses...may be paid by the corporation in advance of the final disposition of the action...upon receipt of an undertaking by or on behalf of the director or officer to repay the amount if it shall ultimately be determined

---

[2] Indeed, were Defendants Clyde E. Patton and Judith Patton in the same position as the individual defendants in *Dobry*, they would likely fall within the purview of Okla. Stat. tit. 18, § 1031(C), which provides that "[t]o the extent a...director, or officer of a corporation has been successful on the merits or otherwise in defense of any action....referred to in subsection A or B of this section, or in defense of any claim, issue or matter therein, the person shall be indemnified against expenses, including attorneys' fees, actually and reasonably incurred by the person in connection therewith."

that the person is not entitled to be indemnified." Okla. Stat. tit. 12, § 1031(E). Although undefined in the statute, in its common legal sense, an "undertaking" is "[a] promise, pledge, or engagement." Black's Law Dictionary (8th Ed. 2004). Such a promise is generally made "in writing, not under seal, given as security for the performance of some particular act required in a judicial proceeding." 90A C.J.S. Undertakings § 1. Thus, to come within the corporation's permissive power to advance payment of their legal fees pending the resolution of the action pursuant to Okla. Stat. tit. 18, § 1031(E), Defendants Clyde E. Patton and Judith Patton need only have submitted such an undertaking to Defendant MDK, Inc.

Unfortunately, Defendants' Motion and accompanying exhibits fail to include any suggestion that Defendants Clyde E. Patton and Judith Patton have provided an undertaking of any kind to Defendant MDK, Inc., guaranteeing repayment of advances for attorney fees in the event that it is ultimately determined that Defendants Clyde E. Patton and Judith Patton are not entitled to indemnification. Instead, when questioned during his deposition regarding the basis for advancement of attorney fees for Defendant Judith Patton and himself by the corporation, Defendant Clyde E. Patton replied that he "ha[d] no idea" but that he "guess[ed]" they had received such an advancement "as...employee[s] of the company." (Pl.'s Amend. Resp. Ex. 1 at 2.) Nowhere do Defendants cite Okla. Stat. tit. 18, § 1031(E) or its requirement of an undertaking as the basis for Defendant MDK, Inc.'s ability to advance payment of the attorney fees of Defendants Clyde E. Patton and Judith Patton. Thus, the Court cannot say, as a matter of law, that Defendant MDK, Inc.'s decision to advance payment of the attorney fees of Defendants Clyde E. Patton and Judith Patton is appropriate and not subject to challenge by Plaintiff.

Defendants also argue that Plaintiff "agree[d] to the indemnification of attorneys for the officers, when he purchased the stock of [Defendant] MDK, Inc." (Defs.' Reply 1.) In support

of this argument, Defendants rely on Article VI of the corporate bylaws, which provides that "[a]ny director or officer who is involved in litigation by reason of his or her position as director or officer of this corporation shall be indemnified and held harmless by the corporation to the fullest extent authorized by law as it now exists or may subsequently be amended." (Defs.' Mot. 11.) However, the Court notes that under a permissive corporate indemnification statute such as Okla. Stat. tit. 18, § 1031, "a provision in a corporation's bylaws requiring the corporation to indemnify its directors, officers, employees, and agents to the extent permitted by law is not mandatory and does not require the corporation to advance litigation expenses before the termination of the proceeding in which the expenses were incurred." 18B Am. Jur. 2d Corporations § 1651. Moreover, the bylaw's mandate that a director or officer be indemnified "to the fullest extent provided by law" does not abrogate the requirement of Okla. Stat. tit. 18, § 1031(E) that officers and directors seeking advancement of legal expenses during the pendency of an action, for which they claim an ultimate right to indemnification, first submit to the corporation an undertaking ensuring repayment.

Having drawn all reasonable inferences in the light most favorable to Plaintiff, the Court concludes that Defendants have failed to establish either that Defendants Clyde E. Patton and Judith Patton are entitled to indemnification for legal expenses incurred as a result of this action or that Defendant MDK, Inc.'s advancement of the attorney fees of Defendants Clyde E. Patton and Judith Patton is appropriate as a matter of law. The Court further concludes that a genuine issue of material fact remains as to the good faith of Defendants Clyde E. Patton and Judith Patton in this case. Defendants' Motion must therefore be denied.

## Conclusion

For the reasons set forth above, Defendants' Motion for Partial Summary Judgment is

DENIED.

IT IS SO ORDERED this 26th day of January 2007.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma