# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES "CHUCK" JAMES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 06-CV-52-JHP |
| CLYDE E. PATTON, JUDITH PATTON, AND MDK, INC., | ) |
| Defendants. | ) |

## ORDER AND OPINION

Before the Court is Plaintiff's Motion to Compel, Defendants' Response in opposition, and Plaintiff's Reply thereto. Plaintiff seeks an order from this Court compelling Defendants to produce (1) all corporate records of Defendant MDK, Inc. from October 2004 to present and (2) all correspondence to or from Defendant MDK, Inc. October 1, 2004 to present. For the reasons set forth below, Plaintiff's Motion is DENIED.

## Background

This case involves an action by Plaintiff Charles "Chuck" James, a minority shareholder, against Defendant MDK, Inc., and its officers, Clyde E. Patton and Judith Patton, alleging, among other things, claims for fraud and misappropriation of corporate funds. On April 13, 2006, the Court held a Scheduling Conference at which counsel for both parties were present. Following the Scheduling Conference, the Court entered a Scheduling Order, also on April 13, 2006, in which the Court set forth all discovery related deadlines. In particular, the Court's Scheduling Order provided for a discovery cutoff of December 22, 2006.

Subsequent to the entry of the Scheduling Order, the parties began exchanging discovery

requests. In particular, in Request No. 12 of Plaintiff's Request for Production of Documents, mailed on June 5, 2006, Plaintiff requested that Defendants produce "[a]ll corporate records from October 2004 to the present, including but not limited to Minutes of Board Meetings, Notices of Board Meetings, Corporate Resolutions, Notices of Shareholder Meetings." (Pl.'s Mot. Compel Ex. 1 at 4.) In response, Defendants produced over 400 pages of documents allegedly falling within the category of information requested by Plaintiff. (Def.'s Resp. Ex. 1.) In addition, in Request No. 13, Plaintiff requested that Defendants produce "[a]ny correspondence to or from [Defendant MDK, Inc.] from October 1, 2004 to the present." *Id*. In response, Defendants stated that no such documents existed. (Pl.'s Mot. Compel Ex. 2 at 4.)

The Court was first made aware of a discovery dispute in this case in Plaintiff's Response to Defendant's Motion in Limine, in which Plaintiff asserted that "Defendants have still not produced 'all corporate records' as requested in the original discovery requests." (Pl.'s Resp. Defs.' Mot. in Limine 2.) Subsequently, at the January 18, 2007 Pretrial Conference, counsel for Plaintiff reiterated that Defendants had failed to fully comply with Plaintiff's previous request that Defendants produce all corporate records of Defendant MDK, Inc. Counsel for Plaintiff further noted that she had submitted a letter to counsel for Defendants requesting additional records and that, if Defendants failed to provide these additional documents, a Motion to Compel would be forthcoming.

Having failed to resolve the discovery dispute with Defendants, on January 24, 2007, Plaintiff filed his Motion to Compel. In his Motion, Plaintiff argues that by producing only the corporate records specifically identified in Request No. 12, Defendants failed to fully respond to Plaintiff's request to produce "all corporate records." In addition, Plaintiff asserts that Defendants failed to produce all correspondence to or from Defendant MDK, Inc. as identified in

Request No. 13. In response, Defendants contend that they fully complied with Plaintiff's Request for Production of Documents and that Plaintiff's Motion to Compel is untimely.

## Discussion

Rule 37 of the Federal Rules of Civil Procedure permits "[a] party, upon reasonable notice to other parties and all persons affected thereby, [to] apply for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). Neither Rule 37 nor the local rules of this Court specify a time limit for bringing a motion to compel. Nevertheless, "[a] party seeking to compel discovery must do so in a timely fashion." *Continental Industries, Inc. v. Integrated Logistics Solutions LLC*, 211 F.R.D. 442, 444 (N.D. Okla. 2002); *see Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production."). "If the moving party has unduly delayed [filing its motion to compel], the court may conclude that the motion is untimely." 8A Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 2285 (1994 & Supp. 2006).

As noted above, Plaintiff's Motion to Compel was filed on January 24, 2007, almost a month after the close of discovery in this case and less than two weeks before trial. In attempting to justify his failure to file a timely motion compelling production of the omitted corporate records, Plaintiff alleges that he "deferred filing this Motion to Compel until after this Court denied his Motion for Audit, which would have provided him with the same information, at the corporation's expense." (Pl.'s Mot. Compel 2.) Nevertheless, in that same Motion, Plaintiff asserts that "[s]ince filing this suit in late 2005, [Plaintiff] has been provided with a trickle of information about the finances of [Defendant MDK, Inc.] in response to discovery requests." (Pl.'s Mot. Audit 2.) Likewise, in his Motion to Compel, Plaintiff asserts that

"Defendants provided [only] the specifically named records" (Pl.'s Mot. Compel 1), rather than "[a]ll corporate records" as requested by Plaintiff.  Thus, the Court can only conclude that Plaintiff was well aware from July 7, 2006—the date Plaintiff received Defendants' Response to Plaintiff's Request for Production of Documents—that Defendant had not fully responded to Plaintiff's Request for Production.

Plaintiff offers no persuasive justification for subsequently failing to take remedial action with regard to the alleged deficiencies in Defendants' discovery responses in the six months prior to filing its Motion to Compel.  Instead, Plaintiff seeks to compel discovery "on the even of trial and well after the discovery cutoff."  *Continental Industries, Inc.*, 211 F.R.D. at 444.  Indeed, granting Plaintiff's Motion would undoubtedly necessitate abandoning the current trial date of February 5, 2007, something the Court is unwilling to do on the basis of Plaintiff's inexplicable failure to seek prior resolution of this discovery matter by the Court in the many months before the discovery deadline.  Instead, based upon its untimely nature and Plaintiff's inability to present a persuasive justification for his delay, the Court finds that Plaintiff's Motion to Compel should be denied.

## Conclusion

For the reasons set forth above, Plaintiff's Motion to Compel is hereby DENIED.

IT IS SO ORDERED this 31st day of January, 2007.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma