# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES "CHUCK" JAMES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 06-CV-52-JHP ) |
| CLYDE E. PATTON, JUDITH PATTON, AND MDK, INC., | ) ) ) ) |
| Defendants. | ) |

## ORDER AND OPINION

Before the Court is Defendants' Motion in Limine, Plaintiff's Response in opposition, and Defendant's Reply thereto. Defendants ask this Court to exclude Plaintiff's expert witness from testifying at trial for failure to provide an expert report pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure. For the reasons stated herein, Defendants' Motion is GRANTED, and Plaintiff's expert testimony, as well as all references thereto, are excluded from trial.

## Background

On November 3, 2005, Plaintiff Charles James, a minority shareholder, filed the present action in the United States District Court for the Southern District of Texas against Defendant MDK, Inc. and two of its officers, Defendants Clyde and Judith Patton, for, among other things, breach of contract and breach of fiduciary duty. In his Complaint, Plaintiff alleges that Defendants Clyde and Judith Patton have mismanaged corporate funds to his detriment as minority shareholder.

By order, the case was transferred to this Court on the basis of improper venue.

Following transfer, on April 13, 2006, the Court held a scheduling conference in this case. In its Scheduling Order, the Court directed the parties "to comply with the disclosure requirement and attend deadlines established by Federal Rule Civil Procedure 26." In his initial witness list, filed November 13, 2006, Plaintiff identified Wade Stubbs, C.P.A. as an expert witness who would be called to testify as to "accounting practices used by [Defendant] MDK, Inc.," as well as the "impact of those accounting practices on the personal finances of [Plaintiff]." (Pl.'s Initial Witness and Exhibit List 2.) At no time, however, did Plaintiff file an expert report relating to Mr. Stubbs testimony in this case.

On January 8, 2007, Defendants filed their Motion in Limine seeking to exclude the expert testimony of Mr. Stubbs based upon Plaintiff's failure to provide an expert report relating to Mr. Stubbs testimony as required by Rule 26 of the Federal Rules of Civil Procedure. Although acknowledging his failure to provide Defendants with an expert report prepared and signed by Mr. Stubbs, Plaintiff argues that the Court should deny Defendants' Motion or, in the alternative, allow Defendants to depose Mr. Stubbs, allow Defendants to obtain their own expert to evaluate or rebut Mr. Stubbs' testimony, or allow Plaintiff to redesignate Mr. Stubbs as a fact witness. With the matter now at issue, the Court turns to the parties' arguments.

## **Discussion**

Rule 26 of the Federal Rules of Civil Procedure mandates that "a party shall disclose to other parties the identity of [expert witnesses]." Fed. R. Civ. P. 26(a)(2)(A). Such disclosure must "be accompanied by a written report prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). The following items must be included in any expert report:

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any

> exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

*Id*. Unless otherwise directed by the court or by stipulation of the parties, these disclosures "shall be made at least 90 days before the trial date or the date the case is to be ready for trial." Fed. R. Civ. P. 26(a)(2)(C). In the present case, Plaintiff identified Mr. Stubbs as an expert witness who will testify at trial. As the case is currently set for trial on February 5, 2007, under Fed. R. Civ. P. 26(a)(2)(C), Plaintiff was therefore required to disclose Mr. Stubbs' expert report to Defendants on or about November 7, 2006. As noted above, however, all parties agree that Plaintiff failed to comply with Rule 26(a)(2) and, as of this time, has yet to disclose Mr. Stubbs expert report. Thus, the Court is left to determine the appropriate consequence for Plaintiff's failure to comply with Rule 26(a)(2).

Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a)...is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." As the Tenth Circuit has noted, "'[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.'" *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.,* 100 F.3d 1353, 1363 (7th Cir. 1996)). In exercising that discretion, however, the district court should consider "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the

party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id*. The Court therefore applies these factors to the present case to determine whether Mr. Stubbs expert testimony should be excluded from trial.

With regard to the first factor, Plaintiff suggests that allowing Stubbs to testify would not result in prejudice or surprise because "Stubbs was identified as an expert" (Pl.'s Resp. 3) and "[a]lthough not in the form of a report, Plaintiff's Witness designation contains all the subject matter of [Mr. Stubbs'] testimony" (Pl.'s Resp. 4.) Indeed, Plaintiff states that his "only non-compliance in this case was with Rule 26(a)(2)'s requirement of a written report with supporting documents." (Pl.'s Resp. 3-4.) Moreover, Plaintiff claims that "[t]his is not a highly technical case, with a specialized expert." (Pl.'s Resp. 3.) Instead, according to Plaintiff, "Mr. Stubbs is simply a Certified Public Accountant, who Plaintiff believes will be able to help the Court interpret some of the financial reports generated by the Corporation in this case." (Pl.'s Resp. 3.) Taken together, Plaintiff's argument appears to be that because he disclosed both the identity of his "simple" and "non-specialized" expert witness, as well as the general subject matter of the expert's testimony, in a witness list on November 13, 2006, there can be no prejudice to Defendants by allowing the expert to testify.

In spite of Plaintiff's attempt to minimize the importance of an expert report in this case, the Court notes that Rule 26(a)(2) does not require that a party provide an expert report only when the expert is to testify in "highly technical cases" or when the expert is "specialized."[1] As

---

[1] The Court further notes that Plaintiff has failed to provide any case law for the proposition that experts are to be treated differently on the basis of their degree of specialization or, indeed, on what basis the Court might draw a distinction between a "specialized expert" and a "simpl[e]...Certified Public Accountant." (Pl.'s Resp. 3.)

the Tenth Circuit has made clear, expert reports "are intended not only to identify the expert witness, but also 'to set forth the substance of the direct examination.'" *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting Fed. R. Civ. P. 26(a)(2), Advisory Committee Note (1993)). "Such disclosure is necessary to allow the opposing party 'a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'" *Id*. In *Jacobsen*, the Tenth Circuit addressed the district court's refusal to strike expert reports and designations in a copyright infringement case in spite of the defendant's admitted failure to provide complete expert reports. In finding that the district court abused its discretion, the Tenth Circuit rejected the district court's finding that no prejudice would result from "the introduction of testimony not contained in the expert reports" when it appeared "likely the experts' testimony at trial will contain substantially more information than was presented in the expert reports." *Id*. Applying the same reasoning in this case, the Court would be hard pressed to find that Plaintiff's failure to provide any kind of expert report in this case was somehow less prejudicial than the defendants' failure to provide a complete or specific expert report in *Jacobsen*. Instead, the Court concludes that, without more, Plaintiff's statement in his witness list that Stubbs was an expert being called to testify about "accounting practices used by MDK, Inc." and the "impact of those accounting practices on the personal finances of [Plaintiff]" would not provide the Defendants a meaningful opportunity to either appropriately prepare for cross examination or, if necessary, call rebuttal experts of their own. The Court therefore finds that permitting Mr. Stubbs to testify despite Plaintiff's continued failure, more than two months after expert reports were originally due in this case and less than one month before trial, to provide Defendants with an expert report containing Mr. Stubbs' opinions would be prejudicial to Defendants.

With regard to the second factor enunciated by the Tenth Circuit in *Woodworker's Supply,* the Court concludes that Plaintiff cannot cure the prejudice resulting from his failure to provide Defendants with Mr. Stubbs' expert report. In his Response, Plaintiff states that "[g]iven the limited scope of Mr. Stubbs' testimony, it should be possible to provide Defendants with an appropriate report within a reasonable time as indicated by the Court." (Pl.'s Resp. 5.) Additionally, Plaintiff suggests that the Court could permit Defendants to depose Mr. Stubbs or hire a rebuttal expert. The Court notes, however, that discovery in this case has already closed; therefore, even if Defendants had an opportunity to examine Plaintiff's expert report and found themselves in need of a rebuttal expert or additional discovery, Defendants could not seek such discovery. Moreover, even if Plaintiff immediately provided Defendants with a copy of Mr. Stubbs' expert report and the Court reopened discovery or gave Defendants leave to hire an expert, it is unlikely that Defendants could do so, and have their own expert prepare and disclose his own expert report for Plaintiff's examination, before trial, which is set to begin on February 5, 2007. Thus, in spite of Plaintiff's arguments to the contrary, Plaintiff's proposed solution of merely simply providing Defendants with the expert report it should have disclosed months ago would not cure the prejudice in this case.

The third factor—the extent to which Mr. Stubbs' testimony would disrupt the trial—also counsels against admission of Mr. Stubbs' testimony in this case. As noted above, the trial in this case begins on February 5, 2007. Assuming the Court were inclined to order Plaintiff to immediately provide Defendants with an expert report written by Mr. Stubbs, in order to give effect to the intentions of Rule 26 and allow Defendants, if necessary, to retain their own expert witnesses to rebut Mr. Stubbs testimony, the Court would have to continue this trial to a later date. However, in spite of the Court's authority to grant such a continuance if requested or

required, the Court is disinclined to ignore Plaintiff's disregard for the express requirements of Rule 26(a)(2) or to undermine the purpose and effectiveness of the self-executing exclusion mechanism embodied in Rule 37(c)(1) by granting such a continuance, especially where Plaintiff has shown no independent justification for his failure to submit his expert report to Defendants.

Finally, concerning Plaintiff's willfulness or bad faith in failing to disclose Mr. Stubbs' expert report, Plaintiff argues that his failure "was one of inadvertence, and not based on a calculated effort to deceive or to 'hold back' the substance of an expert's testimony for surprise at trial, nor to conceal other cases in which he has testified."  (Pl.'s Resp. 4.)  Because Defendants do not contend that Plaintiff's failure to produce an expert report for Mr. Stubbs was the result of bad faith or willfulness, and no evidence to this effect has been presented, the Court accepts Plaintiff's assertion that his actions were the result of a good faith mistake at face value.  Nevertheless, Tenth Circuit precedent makes clear that "good faith alone would not be enough to overcome the other factors."  *Jacobsen*, 287 F.3d at 954.

In spite of Plaintiff's contention that his failure to provide Defendants with an expert report was a result of his own inadvertence, Plaintiff nevertheless attempts to shift part of the blame for this failure to Defendants, nothing that "[a]lthough certainly not required to do so...never mentioned the absence of a report from Mr. Stubbs...nor...ask[ed] to depose Mr. Stubbs."  (Pl.'s Resp. 4.)  Plaintiff implies that his failure to provide an expert report was justifiable because "Plaintiff's initial discovery in this matter was served on June 5, 2006, with additional requests as late as October 19, 2006," and because "[s]upplemental discovery responses...have appropriately come in, as late as last week."  (Pl.'s Resp. 2.)  Plaintiff thereby suggests that Defendants' failure to produce "'all corporate records' as requested in the original discovery requests" (Pl.'s Resp. 2) was in part responsible for Plaintiff's failure to produce an

expert report by Mr. Stubbs. As the Tenth Circuit noted in *Jacobsen*, however, "[g]enerally, a court should 'not excuse non-compliance with Rule 26 by one party for the reason that the other party may not have fully complied' with discovery requests." *Id.* (quoting *Carney v. KMart Corp.*, 176 F.R.D. 227, 230 (S.D.W.Va.1997)). Instead, "[i]f [Plaintiff] thought [Defendants] had unfairly avoided discovery [his] recourse was a motion to compel." *Id.* Moreover, Plaintiff's decision to delay service of discovery requests relating to Mr. Stubbs' expert testimony until as late as October 19, 2006, in the face of the impending 90 day deadline imposed by Rule 26(a)(2)(C), cannot be used as an excuse for his failure to obtain the discovery necessary for Mr. Stubbs to prepare an expert report in a timely fashion.

Accordingly, the Court concludes that, in light of the prejudice to Defendants that would likely result from admission of Mr. Stubbs expert testimony in the complete absence of an expert report, the inability of Plaintiff to adequately cure this prejudice at this late date, and the disruption of the trial schedule that admission of this testimony would entail, Defendants' Motion in Limine should be granted and Mr. Stubbs testimony should be excluded from trial.

## Conclusion

For the reasons stated above, Defendants' Motion in Limine is hereby GRANTED. Mr. Stubbs' expert testimony is excluded from trial.

IT IS SO ORDERED this 31st day of January, 2007.

James H. Payne
United States District Judge
Eastern District of Oklahoma